**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
RICARDO INC.,

                                                                        Civil Docket No.: 1:23-cv-09390-JPO

                          Plaintiff,

            v.

VIA MOTORS, INC., WIRELESS
ADVANCED VEHICLE
ELECTRIFICATION, LLC d/b/a WAVE
CHARGING, and IDEANOMICS, INC.,

                          Defendants.
----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO VACATE CLERK'S ENTRY OF DEFAULT AND TO EXTEND TIME**
**TO ANSWER**




Ge Qu, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT. ............................................................................................... 1

BACKGROUND. ......................................................................................................................... 2

ARGUMENT. ................................................................................................................................ 3

    I.      DEFENDANTs' FAILURE TO ANSWER OR DEFEND WAS NOT WILLFUL BUT DUE TO LACK TO ACTUAL NOTICE. ................................ 3

    II.     DefendantS HaVE Meritorious Defenses. ............................................................ 5

    III.    PLAINTIFF WILL SUFFER NO PREJUDICE IF TIME TO ANSWER IS EXTENDED. ........................................................................................................ 7

CONCLUSION ........................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**CASES**

*Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ............................................. 5, 8

*David R. Maltz & Co., Inc. v. Wachovia Bank, N.A.*, No. 07-CV-1049, 2010 U.S. Dist. LEXIS 33158, 2010 WL 1286308, at * 11 (E.D.N.Y. March 31, 2010) ................................................. 7

*Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) ...................................................................... 8

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ............................................. 2, 4, 5

*Grant v. New York*, 145 F.R.D. 325, 327 (S.D.N.Y. 1992) ........................................................... 8

*Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014) .............................. 6

*Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ..................................................................... 1

*New York v. Green, 420 F.3d 99, 109 (2d Cir. 2005)* .................................................................. 5

*OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co.,* 123 A.D.3d 222, 227, 995 N.Y.S.2d 35, 38 (1st Dept. 2014) ........................................................................................................................ 6

*S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) ................................................................... 5

*Trans-Pro Logistic, Inc. v. Coby Elecs. Corp.*, No. 05 CV 1759 (CLP), 2012 U.S. Dist. LEXIS 19899, at *56 (E.D.N.Y. Feb. 15, 2012) ................................................................................... 7

**STATUTES**

NY CPLR §311(a) ......................................................................................................................... 4

**RULES**

Rule 55(c) ...................................................................................................................................... 1

Rule 6(b)(2) the Federal Rules of Civil Procedure ...................................................................... 1

Rule 60(b) ...................................................................................................................................... 1

**<u>PRELIMINARY STATEMENT</u>.**

Defendants VIA MOTORS, INC., WIRELESS ADVANCED VEHICLE ELECTRIFICATION, LLC d/b/a WAVE CHARGING, and IDEANOMICS, INC. ("Defendants"), by and through their undersigned attorneys, submits this Memorandum of Law in Support of their Motion to vacate Clerk's Entry of Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("FRCP" or "Rule") and for an enlargement of time to file an answer or otherwise respond to the complaint of NATOSHA DUNSTON pursuant to Rule 6(b)(2).

Good cause exists for granting vacatur of the entry of default pursuant to Rule 55(c) because (1) Defendants lack actual notice of the instant action due to failure of their authorized agent to forward legal process; (2) Defendants have meritorious defenses to Plaintiff's claims, including causes of action for breach of contract, since privity of contract is lacking between Plaintiff and IDEANOMICS, INC.; and (3) no prejudice will befall Plaintiff as the delay in answering is less than one month.

Additionally, Rule 55(c) applies a more lenient standard than that to set aside a default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

As such, the Court should find good cause exists for vacating default entry.

1

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits.").

## **BACKGROUND.**

Plaintiff RICARDO INC. ("Plaintiff") commenced this diversity action asserting causes of action for, *inter alia,* breach of contract relating two consulting agreements Plaintiff entered into with Defendants VIA MOTORS, INC. ("VIA"), and WIRELESS ADVANCED VEHICLE ELECTRIFICATION, LLC d/b/a WAVE CHARGING ("WAVE"). Specifically, VIA MOTORS, INC. entered into an agreement with RICARDO INC. on or about July 31, 2020, where RICARDO INC. would provide engineering consulting services to VIA MOTORS, INC, s*ee* Affidavit of Benjamin Wu ¶8("Wu Aff."), while WIRELESS ADVANCED VEHICLE ELECTRIFICATION, LLC d/b/a WAVE CHARGING entered into an agreement with RICARDO INC. on or about March 22, 2022, when RICARDO INC. would provide engineering consulting service regarding technical due diligence of an electric vehicle OEM's electrified powertrain and skateboard. Wu Aff ¶9.

According to the affidavits of service filed in this action, Plaintiff served all three Defendants, via delivery to a professional authorized agent service provider, CT Corporation System in Midvale, UT, on October 30, 2023, for VIA and WAVE, and on October 27, 2023, for IDEANOMICS, INC., by serving process on CT Corporation

System as authorized agent. *See* AOS (ECF No. 10-12). CT Corporation System apparently did not forward a copy of summons and complaint to any of the defendants. *See* Wu Aff. ¶5.

Indeed, Defendants became aware of this matter not via service of process; but through attorney advertising materials on or about October 26, 2023. *See* Wu Aff. ¶6. Apparently, the natural skepticism towards client solicitation emails and the Thanksgiving holiday, along with failure of the authorized agent to forward process, resulted in inaction until later November, where this office was retained. *See* Wu Aff. ¶7.

Upon engagement by the client on November 29, the undersigned office promptly noticed appearance, *see* notice of appearance (ECF No. 18, 19), and reached out to plaintiff's counsel asking for consent to vacate the Clerk's entry of default. Though communications are ongoing, Plaintiff has not stated a position on the instant application by Defendants.

Accordingly, Defendant now respectively moves this Court to for a 30-day extension to respond to the Complaint.

## **ARGUMENT**.

I.   **DEFENDANTS' FAILURE TO ANSWER OR DEFEND WAS NOT WILLFUL BUT DUE TO LACK TO ACTUAL NOTICE.**

The Court should exercise its discretion vacating the entry of default in this

matter because Defendants have shown good cause for vacatur under Rule 55(c). The Second Circuit has established a three-prong test to assess whether "good cause" exists for setting aside an entry of default under Rule 55(c): (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Here, Defendants have met all three criteria.

Defendants' default was not willful. Rather, Defendants lacked actual notice of the lawsuit due to failure by their authorized agent to forward the legal process. *See* Wu Aff. ¶5. Mr. Benjamin Wu, general counsel of IDEANOMICS, INC., parent company of both VIA and WAVE, testified that Defendants did not receive a copy of legal process from CT Corporation System, their authorized agent service provider. *See* Wu Aff. ¶5. Rather, he learned of this action from attorney solicitation. *See* Wu Aff. ¶6. The short delay, *i.e.*, less than one month, in engaging counsel is reasonable considering the Thanksgiving holiday.

Furthermore, Plaintiff served Defendants pursuant to Rule 311(a) of the CPLR, which Rule authorizes service on a corporation by delivering service on "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." NY CPLR §311(a); *see also* Fed. R. Civ. P. 4(e)(1). Notably, Plaintiff did not serve New York Secretary of State even though the latter is designated by law to be the agent for purposes of service of process.

4

*See* N.Y. Bus. Corp. Law § 306(b).

Accordingly, the failure of the commercial authorized agent service, combined with sworn denial of receiving notice by Defendants, militate against the finding of willfulness. Indeed, in the context of a motion to vacate default entry, willfulness requires a finding conduct that is "egregious" and "not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Here, conversely, Defendants' sworn denial of not receiving notice, combined with agent's failure to forward process, strongly indicate that Defendants' default was due to an actual lack of notice caused by third-party negligence rather than willful ignorance. Therefore, the first factor militates in favor of vacatur.

II.     **DEFENDANTS HAVE MERITORIOUS DEFENSES.**

Preliminarily, in the context of a motion to vacate default entry, Defendants need not establish their defense conclusively; but it "must present evidence of facts that, if proven at trial, would constitute a complete defense." *New York v. Green, 420 F.3d 99, 109* (2d Cir. 2005) (quoting *SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998). Significantly, "the defense need not be ultimately persuasive at this stage." *Am. All. Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996). Rather, Defendants must show that "the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98.

Defendants has meritorious defenses to Plaintiff's claims for breach of contract

5

because IDEANOMICS, INC. lacks privity of contract with Plaintiff. Specifically, Plaintiff entered into a contract with VIA and WAVE respectively. *See* Wu Aff. ¶¶8,9. IDEANOMICS, INC. never entered into any agreement with Plaintiff. *See* Wu Aff. ¶11. Nor did IDEANOMICS, INC. assume the contractual obligation of any of its subsidiaries at any point in time. *See* Wu Aff. ¶14. Indeed, VIA and WAVE each maintained its own account with Plaintiff company. *See* Wu Aff. ¶12. Therefore, Plaintiff fails to state a claim of breach of contract against IDEANOMICS, INC. as no contract between these two exist. *See OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co.,* 123 A.D.3d 222, 227, 995 N.Y.S.2d 35, 38 (1st Dept. 2014) ("no basis for holding the . . . defendant liable for the breach of a contract to which it was not a party").

Moreover, Plaintiff cannot maintain a cause of action for unjust enrichment as the subject matter of this litigation is clearly controlled by contracts among the parties. *See Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014)("when a 'matter is controlled by contract,' the plaintiff has no valid claim for unjust enrichment under New York law.") (quotation omitted). Here, it is undisputed that two written agreements are signed between Plaintiff and VIA and between Plaintiff and WAVE respectively. As such, Plaintiff's cause of action for unjust enrichment fails.

Likewise, Plaintiff is precluded from double recovery under the claims for account stated because they involve the same subject matter as the breach of contract claims. *See Guandong Enterprises (North America) Fur Holdings Ltd. v. Hennessy*, No. 01 CV

6

0620, 2002 U.S. Dist. LEXIS 8719, 2002 WL 1000953, at * 17 (S.D.N.Y. May 15, 2002) (holding that account stated claims are quasi-contractual causes of action based on theories of unjust enrichment). Indeed, Plaintiff seeks the exact same relief for the account stated claims as that of the breach of contract claims. *See* CP ¶¶25,26, 31, 36. As such, Plaintiff is precluded from its account stated claims as they are "distinct from one for breach of contract and cannot be utilized simply as another means to attempt to collect under a disputed contract." *David R. Maltz & Co., Inc. v. Wachovia Bank, N.A.*, No. 07-CV-1049, 2010 U.S. Dist. LEXIS 33158, 2010 WL 1286308, at * 11 (E.D.N.Y. March 31, 2010); *accord Trans-Pro Logistic, Inc. v. Coby Elecs. Corp.*, No. 05 CV 1759 (CLP), 2012 U.S. Dist. LEXIS 19899, at *56 (E.D.N.Y. Feb. 15, 2012).

Furthermore, Defendants intend to introduce evidence disputing the damages amount demanded by Plaintiff in this action. For instance, records maintain by VIA indicate that the estimated costs for the engineering project proposed by Plaintiff is substantially lower than the damages demanded in the complaint. *See* Exhibit C attached to Decl. of Ge Qu, Esq. The undersigned office is still searching the records for WAVE account with the client.

Therefore, Defendants have shown meritorious defenses.

### III.   PLAINTIFF WILL SUFFER NO PREJUDICE IF TIME TO ANSWER IS EXTENDED.

No prejudice will befall Plaintiff should the Court grant this motion for extension

7

of time to answer because Defendant's delay in responding to the Complaint is apparently short, i.e., less than one month, as the original deadlines to answer was November 17 and 20. *See* AOS (ECF No. 10-12). Therefore, the grant of the instant application is unlikely to cause prejudice to Plaintiff. Prejudice results when delay causes "the loss of evidence, create[s] increased difficulties of discovery or provide[s] greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Here, the record is devoid of any facts that tend to show that the short period of delay in answering the complaint will cause such prejudice contemplated in *Davis.*

Considering this Circuit's "strong policy" favoring resolution of matters on the merits, *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996), this Court should set aside the entry of default and grant Defendants leave to serve an answer as prejudice to Plaintiff is lacking. *See Grant v. New York*, 145 F.R.D. 325, 327 (S.D.N.Y. 1992)( "the decision to set aside the default entry implicitly enlarges defendant's time in which to answer").

## **CONCLUSION**

WHEREFORE, based upon the foregoing, Defendants respectfully requests that their Motion to Vacate the Clerk's Entry of Default be granted; and their Motion for a 30-day extension of time to answer or otherwise respond to the Complaint be granted in its entirety along with such other and further relief as the

Court deems just and proper.

Dated: Flushing, New York
December 1, 2023                                              HANG & ASSOCIATES, PLLC

                                                              By:__s/__*Ge Qu*____
                                                              Ge Qu, Esq.
                                                              136-20 38th Avenue, Suite 10G
                                                              Flushing, NY 11354
                                                              Tel: 718.353.8588
                                                              Email: rqu@hanglaw.com
                                                              *Attorneys for Defendant*s