**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RICARDO INC.,

                           Plaintiff,

                  v.                        Case No:  1:23-cv-09390-JPO

VIA MOTORS, INC., WIRELESS ADVANCED
VEHICLE ELECTRIFICATION, LLC d/b/a WAVE
CHARGING, and IDEANOMICS, INC.,

                           Defendants.
-----------------------------------------------------------------X

 

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**THE COMPLAINT AGAINST IDEANOMICS, INC.**

 

Ge Qu, Esq.

Xingyi Li, Esq.

Hang & Associates, PLLC

136-20 38th Avenue, Ste 10G

Flushing, NY 11354

# TABLE OF CONTENTS

I.          PRELIMINARY STATEMENT ........................................................................ 1

II.        SUMMARY OF FACTUAL ALLEGATIONS AND RELEVANT FACTUAL BACKGROUND ................................................................................................................. 2

III.       ARGUMENT .................................................................................................... 5

     A.    Plaintiff Alleged No Contractual Relationship With Noncontracting Defendant And Noncontracting Defendant Was Never A Party To Either Agreement. .................................................................................................... 5

     B.    Plaintiff's Successor-In-Interest Theory Fails Because Successor Liability Is Not Allowed As A Result Of Acquisition and No Exception Applies. . 8

     C.    Plaintiff's Claims Against Noncontracting Defendants Fails Because A Parent Corporation Is Not Liable For The Contractual Acts of Its Subsidiaries. ................................................................................................ 12

     D.    Noncontracting Defendant Is Not Liable For The Breach Of Contracts Signed By Its Subsidiaries Because No Intent To Be Bound is Inferable. 13

     E.    Noncontracting Defendant Is Not Liable For The Account Stated Claims As IDEANOMCIS Was Never Presented, Never Accepted, And Never Promised To Pay Its Subsidiaries' Debts. .................................................... 17

     F.    An Unjust Enrichment Claim Is Precluded When Plaintiff Acknowledges the Existence of Valid Agreements. ............................................................ 20

IV.      CONCLUSION .............................................................................................. 23

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Abbott, Duncan & Wiener v. Ragusa,* 214 A.D.2d 412, 413, 625 N.Y.S.2d 178 (N.Y. App. Div., 1st Dep't, 1995) ........................................................................................... 18

*Analect LLC v. Fifth Third Bancorp,* 380 F. App'x 54, 56 (2d Cir. 2010) ................................ 12

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ............................................................................................................... 5

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) ........................ 5

*Bellino Schwartz Padob Adver., Inc. v. Solaris Mktg. Grp., Inc.,* 222 A.D.2d 313, 635 N.Y.S.2d 587, 588 (1st Dep't 1995); ................................................................................................ 6

*Black Car & Livery Ins., Inc. v. H & W Brokerage, Inc.,*28 A.D.3d 595, 813 N.Y.S.2d 751, 752 (2d Dep't 2006) ................................................................................................................. 6

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004) .............. 20

*Cargo Partner AG v. Albatrans, Inc.,* 352 F.3d 41, 45 (2d Cir. 2003) ......................................... 9

*Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc.,* 2 F.3d 24, 25 (2d Cir. 1993)  8

*City of Syracuse v. Loomis Armored US, LLC,* 900 F. Supp. 2d 274, 288 (N.D.N.Y. 2012) ..... 9

*CityR Grp. Holdings LLC v. Foresite Realty Mgmt., LLC,* No. 17 Civ. 7850 (RJS), 2019 U.S. Dist. LEXIS 55966, 2019 WL 1437519, at *3 (S.D.N.Y. Mar. 29, 2019). ............................ 14

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.,* 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193, 521 N.Y.S.2d 653 (1987) ..................................................................................................... 22

*Davis v. Blige,* 505 F.3d 90, 103 (2d Cir 2007) .......................................................................... 6

*Desclafani v. Pave-Mark Corp.,* No. 07 Civ. 4639, 2008 U.S. Dist. LEXIS 64672, 2008 WL 3914881, at *3 (S.D.N.Y. 2008) .................................................................................... 10

*Design Partners,* 2016 U.S. Dist. LEXIS 41913, at *22 ............................................................. 17

*Design Partners, Inc. v. Five Star Elec. Corp.,* No. 12-CV-2949 (PKC)(VMS), 2016 U.S. Dist. LEXIS 41913, at *16 (E.D.N.Y. Mar. 29, 2016) ...................................................... 18

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC,* 631 F.3d 42, 54 (2d Cir. 2011) .......... 22

*EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294, 112 S. Ct. 754, 151 L. Ed. 2d 755 (2022) ...... 6

*ESI, Inc. v. Coastal Corp.,* 61 F. Supp. 2d 35, 73-74 (S.D.N.Y. 1999) ...................................... 15

*Frontline Proc. Corp. v. Merrick Bank Corp.,* No. 13 CIV. 3956, 2014 WL 837050, at *2 (S.D.N.Y. Mar. 3, 2014) ......................................................................................................... 6

*Goldman v. Metro. Life Ins. Co.,* 5 N.Y.3d 561, 572, 841 N.E.2d 742, 746, 807 N.Y.S.2d 583 (2005) ......................................................................................................... 22, 23

*Gray v Wesco Aircraft Holdings, Inc.,* 454 F Supp 3d 366, 382 (SDNY 2020), ...................... 10

*Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996) .............................................................. 6

*Hayden Capital USA, LLC v. Northstar Agri Indus., LLC,* No. 11 Civ. 594 (DAB), 2012 U.S. Dist. LEXIS 58881, 2012 WL 1449257, at *4 (S.D.N.Y. Apr. 23, 2012) ............................... 9

*Heights v. U.S. Elec. Tool Co.,* 138 A.D.2d 369, 525 N.Y.S.2d 653, 654 (N.Y. App. Div. 1988)

.................................................................................................................... 10

*Horowitz v Spark Energy,* 2020 US Dist LEXIS 137838, at *20 ................................................. 12

*Horowitz v Spark Energy, Inc.,* 2020 US Dist LEXIS 137838 (SDNY July 31, 2020, No.
  19cv7534 [PGG] [DF]) ........................................................................................................... 8

*Horsehead Indus., Inc. v. Metallgesellschaft AG,* 239 A.D.2d 171, 657 N.Y.S.2d 632, 633 (1st
  Dep't 1997) ............................................................................................................................. 14

*IMG Fragrance Brands, LLC v Houbigant, Inc.,* 679 F Supp 2d 395, 411 (SDNY 2009) ........ 18

*Impulse Mktg. Group v. Nat'l Small Bus. Alliance, Inc.,* No. 05-CV-7776, 2007 U.S. Dist.
  LEXIS 42725, 2007 WL 1701813, at *5-6 (S.D.N.Y. June 12, 2007) .................................. 15

*Jennings v. Hunt Cos.,* 367 F. Supp. 3d 66, 72 (S.D.N.Y. 2019) ............................................... 15

*Jennings v. Hunt Cos., Inc.,* 367 F. Supp. 3d 66, 71 (S.D.N.Y. 2019); ........................................ 6

*Kadosh v. Kadosh,* 2013 WL 3389348, at *5 (N.Y. Sup. 2013) .................................................. 8

*Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.,* 952 F. Supp.
  2d 542, 570 (S.D.N.Y. 2013) ................................................................................................. 18

*Kitchen Winners NY Inc. v. Rock Fintek LLC,* 2023 U.S. Dist. LEXIS 57032, at *31-32
  (S.D.N.Y. Mar. 31, 2023) ......................................................................................................... 6

*Kitchen Winners v. Rock Fintek,* 2023 U.S. Dist. LEXIS 57032, at *32-33 .............................. 14

*Kramer v. Time Warner Inc.,* 937 F.2d 767, 773-74 (2d Cir. 1991) ............................................ 2

*Kramer v. Time Warner Inc.,* 937 F.2d 767, 774 (2d Cir. 1991) ................................................ 10

*Low v. Robb,* No. 11-CV2321, 2012 WL 173472 at *4 (S.D.N.Y. Jan. 20, 2012) ...................... 5

*Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 919
  N.Y.S.2d 465 (2011) .............................................................................................................. 21

*Martell Strategic Funding LLC v. Am. Hosp. Acad.,* No. 12 Civ. 627 (VSB), 2019 U.S. Dist.
  LEXIS 24288,2019 WL 632364, at *4 (S.D.N.Y. Feb. 14, 2019) ........................................... 6

*MBIA Ins. Corp. v. Royal Bank of Can.,* 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009) ............... 14

*MBIA Ins. Corp. v. Royal Bank of Canada,* 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009) ........... 8

*Mirage Ent., Inc. v. FEG Entretenimientos S.A.,* 326 F. Supp. 3d 26, 34 (S.D.N.Y. 2018). .... 14

*New York v. Nat'l Serv. Indus.,* 460 F.3d 201, 209 (2d Cir. 2006) .............................................. 9

*New York v. Town of Clarkstown,* No. 11 Civ. 0293 (KMK), 95 F. Supp. 3d 660, 2015 U.S.
  Dist. LEXIS 40712, 2015 WL 1433299, at *16 (S.D.N.Y. Mar. 30, 2015) ........................... 9

*Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy,* 449 F. App'x 57, 59 (2d Cir.
  2011) ................................................................................................................................ 22, 23

*Reisman, Peirez & Reisman. L.L.P. v. Gazzara,* 15 Misc.3d 1113(A), 839 N.Y.S.2d 436, 2007
  NY Slip Op 50630(U), at *2 (N.Y. Sup. Ct. 2007) .............................................................. 18

*Rodriguez v. It's Just Lunch Int'l,* No. 07 Civ. 9227, 2009 U.S. Dist. LEXIS 12589, 2009
  WL 399728, at *7 (S.D.N.Y. Feb. 17, 2009) ........................................................................ 21

*Roldan v Second Dev. Servs.,* 2018 US Dist LEXIS 59161, at *24 (EDNY Mar. 30, 2018, No.
  16-CV-2364 [DLI] [PK] ........................................................................................................ 15

*Roycroft v MetLife, Inc.,* 2019 US Dist LEXIS 7962, at *10-11 (SDNY Jan. 14, 2019, No.
  18-cv-5481 [AKH]) ............................................................................................................... 23

iii

*Saint Laurie Ltd. v. Yves Saint Laurent Am., Inc.*, No. 13-CV-6857 (DAB), 2015 U.S. Dist. LEXIS 42621, at *15-16 (S.D.N.Y. Mar. 25, 2015) ............................................................ 12

*Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 451 N.E.2d 195, 198, 464 N.Y.S.2d 437 (N.Y. 1983) ...................................................................................................................................... 9

*Sheldon v. Khanal*, 396 F. App'x 737, 740 (2d Cir. 2010) ...................................................... 6

*Sheridan Broad. Corp. v. Small*, 19 A.D.3d 331, 798 N.Y.S.2d 45, 45 (App. Div. 2005) ........ 14

*SHLD, LLC v. Hall*, 15 Civ. 6225 (LLS), 2016 U.S. Dist. LEXIS 19368, 2016 WL 659109, at *8 (S.D.N.Y. Feb. 17, 2016) ........................................................................................................ 15

*Silverman Partners LP v Verox Group*, 2010 US Dist LEXIS 71977, at *10 (SDNY July 16, 2010, No. 08 CIV 3103 [HB]) ...................................................................................................... 9

*Smith v. Fitzsimmons*, 180 A.D.2d 177, 584 N.Y.S.2d 692, 695 (4th Dep't 1992) ................... 7

*Songbird Jet Ltd., Inc. v. Amax, Inc.*, 581 F. Supp. 912, 926 (S.D.N.Y. 1984) .................. 21

*Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215, 863 N.E.2d 1012, 831 N.Y.S.2d 760 (2007) ........................................................................................................................................ 21

*Strong v. Strong*, 277 A.D.2d 533, 715 N.Y.S.2d 499, 501 (3d Dep't 2000) ..................... 21

*TechnoMarine SA v. Giftports*, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ...................................... 5

*Thomson Reuters (Prop. Tax Servs.) v Thomas Enters.*, 2010 US Dist LEXIS 130464 [SDNY Dec. 7, 2010, No. 10 CV 00990 (GBD) (RLE)]) ........................................................................ 18

*TransformaCon, Inc. v Vista Equity Partners, Inc.*, 2015 US Dist LEXIS 94896 (SDNY July 21, 2015, No. 15-cv-3371 [SAS]) ............................................................................................... 21

*TransformaCon, Inc. v. Vista Equity Partners, Inc.*, No. 15 Civ. 3371 (SAS), 2015 U.S. Dist. LEXIS 94896, 2015 WL 4461769, at *3 (S.D.N.Y. July 21, 2015) ........................................... 8

*TransformaCon*, No. 15-cv-3371 (SAS), 2015 WL 4461769, at *5 (S.D.N.Y. July 21, 2015) . 15

*United Capital Funding Corp. v. New York City Dep't of Educ.*, 457 F. App'x 53, 54-55 (2d Cir. 2012) .................................................................................................................................. 17

*United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998) ........... 12

*Wachtel & Masyr LLP v. Brand Progression LLC*, No. 11-cv-7398, 2012 U.S. Dist. LEXIS 19878, 2012 WL 523621, at *1 (S.D.N.Y. Feb. 15, 2012) ...................................................... 17

*Wiederman v Spark Energy*, 2020 US Dist LEXIS 65213, at *13 .............................................. 12

*Wiederman v Spark Energy, Inc.*, 2020 US Dist LEXIS 65213 (SDNY Apr. 14, 2020) ............. 8

*Wiseman v. Groep, N.V.*, No. 16-cv-07587 (AJN), 2017 U.S. Dist. LEXIS 161465, 2017 WL 4712417, at *12 (S.D.N.Y. Sept. 28, 2017) ............................................................................. 13

*Yankee Gas Servs. Co. v. UGI Utils., Inc.*, 428 Fed. Appx. 18, 20 (2d Cir. 2011) .................. 12

## RULES

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 4

Fed. R. Evid. 201 ........................................................................................................................ 7

Rule 12(b)(6) ............................................................................................................................... 3

## I.   <u>PRELIMINARY STATEMENT</u>

Defendants Ideanomics, Inc. (the "Noncontracting Defendant" or "Ideanomics"), by and through its undersigned attorneys, submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint ("CP.") of Plaintiff RICARDO INC. ("Plaintiff") as against the Noncontracting Defendant, pursuant to the Federal Rules of Civil Procedure ("FRCP" or "Rule") Rule 12(b)(6).

This Court should grant defendants' motion because Plaintiff fails to state a claim against the Noncontracting Defendant as it pleads insufficient facts to support a finding of contractual relationship between Plaintiff and Noncontracting Defendant. Plaintiff filed its CP. on October 25, 2023. *See* CP. (Dkt. 1). In its CP., Plaintiff purports to bring common law breach of contract claims against Via Motors, Inc. ("Via"), and Wireless Advanced Vehicle Electrification, LLC d/b/a Wave Charging ("Wave," collectively with Via, the "contracting defendants"), as well as Noncontracting Defendant. Construed liberally, Plaintiff alleges in the complaint the existence of two written service agreements, one between Plaintiff and Via and the other one between Plaintiff and Wave; and Plaintiff purports to impose joint and several liability upon Noncontracting Defendant, which was not a party to either agreement. *See* CP. ¶¶11, 18, 24; *see also* Exhibit B and C to CP. Indeed, Plaintiff attempts to anchor its claims against Noncontracting Defendant under the theory that Noncontracting Defendant is a "successor- in-interest,"

of the contracting parties, *i.e.*, Via and Wave, resulting in joint and several liability with the same. *See* CP. ¶¶ 7, 11, 18.

Nevertheless, Plaintiff's Complaint must be dismissed against Noncontracting Defendant because they have failed to plead sufficient facts to demonstrate that Noncontracting Defendant was a party or a successor-in-interest to the service agreements. As discussed in detail below, the allegations set forth in the complaint against Noncontracting Defendant are nothing more than a conclusory statement of joint and several liability combined with low octane speculations as to the involvement of Noncontracting Defendant in Plaintiff's contractual relationships with the contracting defendants, devoid of any factual support.

Accordingly, the Noncontracting Defendant's motion to dismiss the Complaint against it should be granted in its entirety.

## II.       SUMMARY OF FACTUAL ALLEGATIONS AND RELEVANT FACTUAL BACKGROUND

Preliminarily, this Court may consider public records such as Defendant's SEC's filings in adjudicating a motion to dismiss. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991) (permitting judicial notice of public SEC filings on a motion to dismiss). According to Noncontracting Defendant's Form 10-K Annual Report Pursuant To Section 13 or 15(d) Of The Securities Exchange Act Of 1934 for the fiscal year ended December 31, 2022, ("10-K") as filed with the Securities And Exchange Commission

("SEC"), Ideanomics is a Nevada corporation with thirty-four (34) operating subsidiaries established in various jurisdictions including the United States, Italy, Spain, the People's Republic of China, Hong Kong, Malaysia, and England and Wales, and eleven (11) subsidiaries with no operations acting solely as holding companies. *See* Ex. B to Qu Decl. (10-K at 8). Wave was acquired by Ideanomics as a subsidiary by a merger agreement between Via and a prior subsidiary of Ideanomics on January 15, 2021. *See* Ex. B to Qu Decl. (10-K at F-35), and Exhibit 2.1 to 10-K. Via was a variable interest entity of Ideanomics, and became a subsidiary of Ideanomics by a merger agreement between Via and a prior subsidiary of Ideanomics on August 31, 2021. *See E*x. 2 to Qu Decl. (10-K at F-27, and Exhibit 2.3 to 10-K).

Plaintiff brought this action against Wave, Via, and Ideanomics, on October 25, 2023, asserting a variety of claims based on breach of contract under the New York State law. Although Plaintiff purportedly asserts claims against all corporate defendants that are represented by the undersigned's firm, Plaintiff's allegations, at best, contain the bare minimum of facts to potentially assert breach of contract claims against the contracting defendants, namely Via and Wave. The complaint, as well as its attached Exhibits, indicate that Plaintiff only had contractual relationships with Via and Wave respectively. *See* CP. ¶¶9, 10, *see also* Exhibit B and C to CP. Specifically, Plaintiff alleges as follows:

> "Ricardo performed consulting services for Via regarding an
> Electric Skateboard Design Project and a Chassis Buck Build
> project pursuant to the parties' Contractor Agreement

(Exhibit B hereto), which is governed by New York law. As set forth in such letter, five invoices have been issued to Via in the total amount of $1,213,322.50 (the "Via Invoices"; Exhibit C hereto). The Via Invoices are well past due and no payment has been made whatsoever." CP. ¶9.

"Ricardo performed consulting services for Wave regarding a Manufacturing, Design and Cost Optimization Project pursuant to the Terms and Conditions between the parties, each executed by Wave on March 22, 2022 (Exhibits E and F hereto) The Terms and Conditions are governed by New York law. As set forth in such letter, two invoices have been issued to Wave in the total amount of $142,641.74 (the "Wave Invoices"; Exhibit G hereto). The Wave Invoices are well past due and no payment has been made whatsoever." CP. ¶10.

While these factual allegations may support an inference that contractual relationships exist between (1) Plaintiff and Via, and (2) Plaintiff and Wave, Plaintiff's pleading contains no factual details showing that Noncontracting Defendant ever entered into any contractual relationship with Plaintiff. Nonetheless, Plaintiff concluded Noncontracting Defendant has "joint and severable liability" based on "information and belief" that "Ideanomics purchased Via and Wave, is a successor- in-interest to Via and Wave." CP. ¶10.[1]

Based on the allegations in the Complaint, Plaintiff has failed its burden to plead sufficient factual allegations to support their claims that the Noncontracting Defendant

---

[1] Indeed, Plaintiff alleged that in an email to Ricardo, Scott Morrison, Chief Financial Officer of Wave and "***now*** Chief Financial Officer of Ideanomics" (emphasis added), referenced payment plan to Ricardo. However, Plaintiff did not allege his role in this communication is that of a representative of Noncontracting Defendant. Nor did the email address that was used (scott@waveipt.com) or the communication itself ("we are working with Ideanomics on the next round of funding to begin resolving outstanding obligations") indicated any intention by Mr. Morrison to represent Noncontracting Defendant. See CP. ¶12 and Exhibit H to CP.

entered into any contract, or assumed any contractual obligation thereto. Resultingly, Plaintiff's claims against the Noncontracting Defendant must be dismissed.

### III.   <u>ARGUMENT</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal should be with prejudice if, as Plaintiff's complaint exemplifies, the failure is one that a plaintiff cannot amend away. *See TechnoMarine SA v. Giftports*, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (affirming dismissal with prejudice where the plaintiff "failed to specify how it could cure its pleading deficiencies"). A court is not required to accept legal conclusions, and threadbare recitals of the elements of a cause of action, supported by conclusory statements, do not suffice. *Low v. Robb*, No. 11-CV2321, 2012 WL 173472 at *4 (S.D.N.Y. Jan. 20, 2012).

### A.   **Plaintiff Alleged No Contractual Relationship With Noncontracting Defendant And Noncontracting Defendant Was Never A Party To Either Agreement.**

Under New York law, there are four elements to a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). "Conclusory allegations that a defendant breached an agreement

are insufficient to support a breach of contract claim." *Frontline Proc. Corp. v. Merrick Bank Corp.*, No. 13 CIV. 3956, 2014 WL 837050, at *2 (S.D.N.Y. Mar. 3, 2014).

In New York, a breach of contract action may only be maintained against a party to the contract. *See, e.g., Kitchen Winners NY Inc. v. Rock Fintek LLC*, 2023 U.S. Dist. LEXIS 57032, at *31-32 (S.D.N.Y. Mar. 31, 2023); *Jennings v. Hunt Cos., Inc.*, 367 F. Supp. 3d 66, 71 (S.D.N.Y. 2019); *see also, e.g., Martell Strategic Funding LLC v. Am. Hosp. Acad.*, No. 12 Civ. 627 (VSB), 2019 U.S. Dist. LEXIS 24288,2019 WL 632364, at *4 (S.D.N.Y. Feb. 14, 2019). Indeed, it is well established in this Circuit that a party who is not a signatory to a contract generally cannot be held liable for breaches of that contract. *Davis v. Blige*, 505 F.3d 90, 103 (2d Cir 2007) ("the fundamental principle of contract law prohibiting the parties to a contract from binding nonparties"); *also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294, 112 S. Ct. 754, 151 L. Ed. 2d 755 (2022) ("It goes without saying that a contract cannot bind a nonparty"); *Sheldon v. Khanal*, 396 F. App'x 737, 740 (2d Cir. 2010) ("We easily conclude that plaintiffs fail to state a claim for breach of contract against the… defendants, as it is not alleged that they were party to any contract with plaintiffs"); *see also Black Car & Livery Ins., Inc. v. H & W Brokerage, Inc.*,28 A.D.3d 595, 813 N.Y.S.2d 751, 752 (2d Dep't 2006); *Bellino Schwartz Padob Adver., Inc. v. Solaris Mktg. Grp., Inc.*, 222 A.D.2d 313, 635 N.Y.S.2d 587, 588 (1st Dep't 1995); *Smith v. Fitzsimmons*, 180 A.D.2d 177, 584 N.Y.S.2d 692, 695 (4th Dep't 1992).

Here, Plaintiff's claims sounding in breach of contract cannot proceed against

Noncontracting Defendant because the complaint contains insufficient facts to show that it is a contracting party to either agreement. Moreover, the complaint is devoid of any facts indictive that Plaintiff is proceeding against Ideanomics on a veil-piercing or alter ego theory.

The skeleton facts pleaded by Plaintiff in the complaint fail to show that Noncontracting Defendant entered into any contractual relationship with Plaintiff. *See* CP. ¶¶ 1-39. Nothing in the complaint alleges that the parties to the service agreements ever changed. *Id.* Nor could any facts be found in the pleading supportive of a veil-piercing or alter ego theory against Ideanomics no matter how liberal an interpretation is concerned.

Plaintiff alleged, rather, that "[u]pon information and belief, Ideanomics purchased Via and Wave, is a successor- in-interest to Via and Wave, and/or has joint and several liability for Via's and Wave's respective debts, liabilities, and obligations to Ricardo." *Id.* ¶ 11. Implicit in this allegation is an admission by Plaintiff that Noncontracting Defendant never was a party to the service agreements.

The mere allegation that Ideanomics is or has become contracting defendants' parent corporation does not translate into an automatic assumption of contractual obligations of the subsidiaries on the part of Ideanomics. CP. ¶¶ 11; *See Horowitz v Spark Energy, Inc.,* 2020 US Dist LEXIS 137838 (SDNY July 31, 2020, No. 19cv7534 [PGG] [DF]); *Wiederman v Spark Energy, Inc.,* 2020 US Dist LEXIS 65213 (SDNY Apr. 14, 2020) (twin

cases dismissing breach of contract claims against parent company that acquired subsidiary based on employment agreements entered into by subsidiary); see *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc.*, 2 F.3d 24, 25 (2d Cir. 1993) ("a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both"); *Kadosh v. Kadosh,* 2013 WL 3389348, at *5 (N.Y. Sup. 2013) (dismissing breach of contract claim as to co-owner of signatory because a "non-party cannot be liable for breach of a contract").

Resultingly, Plaintiff's failure to plausibly allege that Noncontracting Defendant became party to the service agreements is fatal to its contract claims.   "It is well established that, generally, a party who is not a signatory to a contract cannot be held liable for breaches of that contract." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009); *TransformaCon, Inc. v. Vista Equity Partners, Inc.*, No. 15 Civ. 3371 (SAS), 2015 U.S. Dist. LEXIS 94896, 2015 WL 4461769, at *3 (S.D.N.Y. July 21, 2015). Plaintiff's claims based on breach of contract must be dismissed against Noncontracting Defendant.

**B.**   **Plaintiff's Successor-In-Interest Theory Fails Because Successor Liability Is Not Allowed As A Result Of Acquisition and No Exception Applies.**

Ideanomics, as a corporate parent that acquired the assets of Via and Wave, the parties to the respective service agreements with Plaintiff, is not liable for its subsidiaries' debts. "[T]he purchaser of a corporation's assets does not, as a result of the purchase,

ordinarily become liable for the seller's debts." *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003) (citing *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 451 N.E.2d 195, 198, 464 N.Y.S.2d 437 (N.Y. 1983)). Courts in New York recognizes four exceptions to the foregoing general rule, where the successor corporation will be liable for the predecessor's debts: "(1) a buyer who formally assumes a seller's debts, (2) transactions undertaken to defraud creditors, (3) a buyer who de facto merged with a seller; and (4) a buyer that is a mere continuation of a seller." *Silverman Partners LP v Verox Group*, 2010 US Dist LEXIS 71977, at *10 (SDNY July 16, 2010, No. 08 CIV 3103 [HB]) (citing *Schumacher*, 451 N.E.2d at 198); *see also New York v. Nat'l Serv. Indus.*, 460 F.3d 201, 209 (2d Cir. 2006).

"To state a claim based on successor liability, a plaintiff must plead enough facts for the Court to infer that one of the exceptions to 'the general rule finding that a business entity acquiring the assets from another business generally results in no successor liability." *New York v. Town of Clarkstown*, No. 11 Civ. 0293 (KMK), 95 F. Supp. 3d 660, 2015 U.S. Dist. LEXIS 40712, 2015 WL 1433299, at *16 (S.D.N.Y. Mar. 30, 2015) (quoting *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 288 (N.D.N.Y. 2012)); *Hayden Capital USA, LLC v. Northstar Agri Indus., LLC*, No. 11 Civ. 594 (DAB), 2012 U.S. Dist. LEXIS 58881, 2012 WL 1449257, at *4 (S.D.N.Y. Apr. 23, 2012); *Desclafani v. Pave-Mark Corp.*, No. 07 Civ. 4639, 2008 U.S. Dist. LEXIS 64672, 2008 WL 3914881, at *3 (S.D.N.Y. 2008); *see also Heights v. U.S. Elec. Tool Co.*, 138 A.D.2d 369, 525 N.Y.S.2d 653, 654 (N.Y. App. Div. 1988).

9

Under Federal Rule of Evidence Rule 201, the Court may take judicial notice of a fact that is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Under that rule, courts can consider "public disclosure documents required by law to be filed, and actually filed, with the SEC." *Gray v Wesco Aircraft Holdings, Inc.*, 454 F Supp 3d 366, 382 (SDNY 2020), citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Courts need not limit itself to "documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Id.* at 773.

This Honorable Court should take judicial notice of and consider Noncontracting Defendant's 10-K, as "public disclosure documents required by law to be filed, and actually filed, with the SEC." The 10-K in question indicates that Noncontracting Defendant, as a multinational parent corporation, does not directly operate in the capacities the service agreements' contracting parties do, and instead holds operating subsidiaries that are distinct entities that run their own operations. *See* 10-K. It is further clarified that Via was a variable interest entity of Ideanomics, and became a subsidiary of Ideanomics by a merger agreement between Via and a prior subsidiary of Ideanomics on August 31, 2021. *See id.* at F-27, and Exhibit 2.3 to 10-K. Wave was acquired by Ideanomics as a subsidiary by a merger agreement between Via and a prior subsidiary of Ideanomics on January 15, 2021, and remained a subsidiary of Noncontracting Defendant throughout

all relevant period to this action. *See id.* at F-35, and Exhibit 2.1 to 10-K. Both Via and Wave remained and continue to remain separate entities from Ideanomics as its subsidiaries. *Id.*

While Plaintiff alleges, albeit in a conclusory fashion, that Ideanomics should be held liable as a successor in interest, Plaintiff did not plead facts indictive of any exception to the general rule that the acquiring company generally does not become liable for the debts or liabilities of the seller/transferor. No fact was pleaded that (1) Noncontracting Defendant formally assumed any contracting defendants' debts; (2) the acquiring transactions undertaken were to defraud creditors, (3) Noncontracting Defendant *de facto* merged with a seller; and (4) Noncontracting Defendant is a mere continuation of a seller. To the contrary, none of the exceptions should apply to allow successor liability to be imposed onto Noncontracting Defendant, when, based on facts pleaded by Plaintiff and the publicly available documents filed with SEC, it acquired contracting subsidiaries in good faith with legitimate business purposes, especially when Wave was acquired before its contractual relationship with Plaintiff. Noncontracting Defendant remains a holding parent corporation of both subsidiaries and did not de facto merge or become a mere continuation of either. Conversely, public SEC filings indicate that Ideanomics have subsidiaries operating in multiple segments of the industry, including electronic bikes, tractors, and charging infrastructure. There is no indication in the facts pleaded or in public records that Noncontracting Defendant formally assumed any debts relevant to

this action from either. Plaintiff does not and, indeed, cannot allege any fraud.

Resultingly, Plaintiff's claims against Ideanomics based on a successor-in-interest theory for contracting defendants' liabilities and debts must be dismissed.

**C.     Plaintiff's Claims Against Noncontracting Defendants Fails Because A Parent Corporation Is Not Liable For The Contractual Acts of Its Subsidiaries.**

It is established New York law that "a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both." *Saint Laurie Ltd. v. Yves Saint Laurent Am., Inc.*, No. 13-CV-6857 (DAB), 2015 U.S. Dist. LEXIS 42621, at *15-16 (S.D.N.Y. Mar. 25, 2015); *Analect LLC v. Fifth Third Bancorp*, 380 F. App'x 54, 56 (2d Cir. 2010) (quoting *Carte Blanche v. Diners*, 2 F.3d 26); see also *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998); *Yankee Gas Servs. Co. v. UGI Utils., Inc.*, 428 Fed. Appx. 18, 20 (2d Cir. 2011) ("[i]t is a general principle of corporate law…that a parent corporation . . . is not liable for the acts of its subsidiaries."). The fact that a parent corporation acquired a contracting subsidiary company does not automatically impute contractual obligation onto the parent corporation. *Horowitz v Spark Energy*, 2020 US Dist LEXIS 137838, at *20; *Wiederman v Spark Energy*, 2020 US Dist LEXIS 65213, at *13 (twin cases dismissing breach of contract claims against parent company when plaintiff pleaded that the parent company acquired contracting subsidiary during the course of the contract). "Liability is never imposed

12

solely upon the fact that a parent owns a controlling interest in the shares of a subsidiary."

*Wiseman v. Groep, N.V.*, No. 16-cv-07587 (AJN), 2017 U.S. Dist. LEXIS 161465, 2017 WL

4712417, at *12 (S.D.N.Y. Sept. 28, 2017).

As discussed above, *in supra*, both Via and Wave remained and continue to remain

separate entities from Ideanomics as its subsidiaries. *See* 10-K. Noncontracting Defendant

is a parent company to both. *Id.*

Like in *Horowitz* and *Wiederman*, Plaintiff fails to establish contractual liability

against Ideanomics by alleging that it's the parent company of the contracting

subsidiaries. Plaintiff's allegation that "[u]pon information and belief, Ideanomics

purchased Via and Wave" does not sufficiently establish a *prima facie* case that "it

has joint and several liability for Via's and Wave's respective debts, liabilities, and obligations

to Ricardo." CP. ¶ 11. Plaintiff's claims based on a successor-in-interest theory for

contracting defendants' liabilities and debts must be dismissed against Noncontracting

Defendant.

**D.     Noncontracting Defendant Is Not Liable For The Breach Of Contracts**

**Signed By Its Subsidiaries Because No Intent To Be Bound is Inferable.**

A parent corporation can only be held liable for the breach of a contract signed by

its subsidiary if (1) its intent to be bound by the contract were "inferable from the parent's

participation in the negotiation of the contract," (2) "if the subsidiary is a dummy for the

parent," or (3) "if the subsidiary is controlled by the parent for the parent's own purposes."

13

*MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009) (quoting *Horsehead Indus., Inc. v. Metallgesellschaft AG*, 239 A.D.2d 171, 657 N.Y.S.2d 632, 633 (1st Dep't 1997)); *see CityR Grp. Holdings LLC v. Foresite Realty Mgmt., LLC*, No. 17 Civ. 7850 (RJS), 2019 U.S. Dist. LEXIS 55966, 2019 WL 1437519, at *3 (S.D.N.Y. Mar. 29, 2019). The type of exception recognized in *Horsehead* often involves a corporation alleged to be the alter ego of another corporation. *MBIA*, 706 F. Supp. 2d.

In determining whether to "pierce the corporate veil" and allow suit against a non-party parent as an alter ego of a signatory, a court assesses whether (1) "the owner exercised complete domination over the corporation with respect to the transaction at issue," and (2) "such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Mirage Ent., Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp. 3d 26, 34 (S.D.N.Y. 2018). "[I]t is well-established that an ordinary breach of contract, without evidence of fraud or corporate misconduct, is not sufficient to pierce the corporate veil." *Id.* at 35 (citation omitted). *Kitchen Winners v. Rock Fintek*, 2023 U.S. Dist. LEXIS 57032, at *32-33; *Sheridan Broad. Corp. v. Small*, 19 A.D.3d 331, 798 N.Y.S.2d 45, 45 (App. Div. 2005) (stating that "[p]arent and subsidiary or affiliated corporations" are generally "not [to] be held liable for the contractual obligations of the other absent a demonstration that there was an exercise of complete dominion and control".

Nonsignatories may be held liable for breach of contract, without being "alter egos," if their actions show that they are in privity of contract or that they assumed

obligations under the contract. *MBIA*, 706 F. Supp. 2d  397; *See Impulse Mktg. Group v. Nat'l Small Bus. Alliance, Inc.*, No. 05-CV-7776, 2007 U.S. Dist. LEXIS 42725, 2007 WL 1701813, at *5-6 (S.D.N.Y. June 12, 2007) (applying New York law); *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 73-74 (S.D.N.Y. 1999) (applying New York law). A court may infer an intent to be bound in the absence of alter ego allegations where the non-signatory "is in privity with the plaintiff or has assumed the obligations of the contract." *Roldan v Second Dev. Servs.*, 2018 US Dist LEXIS 59161, at *24 (E.D.N.Y. Mar. 30, 2018, No. 16-CV-2364 [DLI] [PK]). *See also Jennings v. Hunt Cos.*, 367 F. Supp. 3d 66, 72 (S.D.N.Y. 2019) (parent company's motion to dismiss not granted when it heavily involved in the communication, negotiation, transmission of the contract, and that it guaranteed its involvement in the actual performance of the contract); *SHLD, LLC v. Hall*, 15 Civ. 6225 (LLS), 2016 U.S. Dist. LEXIS 19368, 2016 WL 659109, at *8 (S.D.N.Y. Feb. 17, 2016) (finding a manifest intent to be bound where the parent company's ownership and management-which was common with the subsidiary-used the parent entity to negotiate a contract with the plaintiffs); *TransformaCon*, No. 15-cv-3371 (SAS), 2015 WL 4461769, at *5 (S.D.N.Y. July 21, 2015) (finding a parent company had manifested an intent to be bound where plaintiff alleged that the subsidiary agreed to the contract under the parent's watch and control, parent company executives reviewed and approved it, and the parent would benefit from the contract).

Plaintiff did not allege a theory of veil-piercing or alter ego between the

contracting defendants and Noncontracting Defendant. The facts alleged did not support that any of the contracting defendants is/was a dummy, or that either is/was under complete dominion and control by Noncontracting Defendant in relations to the relevant contractual transactions. Nor did Plaintiff allege that intent to be bound by the contract was inferable from the parent's participation in the negotiation of the contract. Indeed, no fact was alleged as to Noncontracting Defendant's involvement in the relevant negotiations and transactions of the agreements, and no fraud or wrongdoing was pleaded to necessitate the piercing of its corporate veil by Plaintiff.

Notably, Plaintiff alleged that in an email to Ricardo, Scott Morrison, Chief Financial Officer of Wave and "*now* Chief Financial Officer of Ideanomics" (emphasis added), referenced payment plan to Ricardo. However, Plaintiff did not allege his role in this communication as a representation of Noncontracting Defendant, nor did the email address that was used (scott@waveipt.com) or the communication itself ("**we** are working with **Ideanomics** on the next round of funding to begin resolving outstanding obligations") (emphasis added) indicated any intention by Mr. Morrison to represent Noncontracting Defendant. *See* CP. ¶12 and Exhibit H to CP. Indeed, implicit in this allegation is that Mr. Morrison, at the time of said email, was *not* speaking on behalf of Ideanomics.  In other words, the "information and belief" upon which Plaintiff alleges a theory of successor in interest liability against Ideanomics is an email from Wave's officer referencing a funding request to the parent company. As the single piece of fact pleaded

by Plaintiff to place Ideanomic's name in any proximity of the relevant transactions, it remained insufficient to show that Ideanomics was in privity of contract or that it assumed any obligation under the contracts.

In short, Plaintiff's claims did not allege any plausible theory to hold Noncontracting Defendant liable for its subsidiaries' contractual obligations, and did not plead sufficient facts to support any general reading into such theories. Plaintiff's claims must be dismissed against Noncontracting Defendant.

**E.     Noncontracting Defendant Is Not Liable For The Account Stated Claims As IDEANOMCIS Was Never Presented, Never Accepted, And Never Promised To Pay Its Subsidiaries' Debts.**

"Defendant cannot be found liable on both an account stated claim . . . and a breach of contract claim . . . in connection with the same allegations of a failure to pay monies owed." *Design Partners*, 2016 U.S. Dist. LEXIS 41913, at *22; *Wachtel & Masyr LLP v. Brand Progression LLC*, No. 11-cv-7398, 2012 U.S. Dist. LEXIS 19878, 2012 WL 523621, at *1 (S.D.N.Y. Feb. 15, 2012).

"An account stated is a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due to the creditor." *United Capital Funding Corp. v. New York City Dep't of Educ.*, 457 F. App'x 53, 54-55 (2d Cir. 2012). To prevail on a claim for account stated, the plaintiff must show that: "(1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated." *Design*

*Partners, Inc. v. Five Star Elec. Corp.*, No. 12-CV-2949 (PKC)(VMS), 2016 U.S. Dist. LEXIS 41913, at *16 (E.D.N.Y. Mar. 29, 2016); *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 570 (S.D.N.Y. 2013).

Implicit in the first element is the prerequisite of a debtor-creditor. *See Thomson Reuters (Prop. Tax Servs.) v Thomas Enters.*, 2010 US Dist LEXIS 130464 (S.D.N.Y. Dec. 7, 2010, No. 10 CV 00990 (GBD) (RLE)]), citing *Reisman, Peirez & Reisman. L.L.P. v. Gazzara*, 15 Misc.3d 1113(A), 839 N.Y.S.2d 436, 2007 NY Slip Op 50630(U), at *2 (N.Y. Sup. Ct. 2007). "There can be no account stated where no account was presented or where any dispute about the account is shown to have existed." *IMG Fragrance Brands, LLC v Houbigant, Inc.*, 679 F Supp 2d 395, 411 (SDNY 2009), citing *Abbott, Duncan & Wiener v. Ragusa*, 214 A.D.2d 412, 413, 625 N.Y.S.2d 178 (N.Y. App. Div., 1st Dep't, 1995).

While pleading both breach of contract claims and account stated claims, Plaintiff similarly did not plead any fact to support its account stated claims against Noncontracting Defendant. On the outset, Plaintiff pleads no debtor-creditor relationship between Plaintiff and Noncontracting Defendant. Noncontracting Defendant is not a party to either agreement as alleged in the complaint. Plaintiff only made conclusory statement that Noncontracting Defendant is severally and jointly liable as a successor-in-interest. As discussed *supra*, Plaintiff fails to sufficiently plead a successor-in-interest theory of liability against Ideanomics.  Resultingly, no debtor-creditor relationship can be inferred.

Significantly, no "account" ever existed between Plaintiff and Noncontracting Defendant. Nor was such ever alleged to be stated to Noncontracting Defendant. The communication of amount due in Exhibit A to its CP., which supposedly supports its account stated claims as relevant to the service agreement between Plaintiff and Via, is a letter, by its own allegation, only directed to Via and not Ideanomics. CP. ¶9 ("As set forth in a letter to Via dated June 5, 2023 (Exhibit A hereto)") and Exhibit A to CP. Plaintiff failed to show that an account related to the service agreement between Plaintiff and Via was ever presented to Noncontracting Defendant in its allegation or its exhibits. CP. ¶1-39. Plaintiff did not plead any fact that shows that such account was ever accepted as correct by Noncontracting Defendant. *Id.* Plaintiff did not plead any fact that shows that Noncontracting Defendant promised to pay the amount stated, on behalf of Via or of itself. *Id.*

The communication of amount due in Exhibit D to its CP., which supposedly supports its account stated claims as relevant to the transactions between Plaintiff and Wave regarding a Manufacturing, Design and Cost Optimization Project, is a letter, by its own allegation, only directed to Wave and not Ideanomics. CP. ¶10 ("As set forth in such letter, two invoices have been issued to Wave") and Exhibit D to CP. Plaintiff failed to show that an account related to the transactions between Plaintiff and Wave regarding a Manufacturing, Design and Cost Optimization Project was ever presented to Noncontracting Defendant in its allegation or its exhibits. CP. ¶1-39. Plaintiff did not

plead any fact that shows that such account was ever accepted as correct by Noncontracting Defendant. *Id.* Plaintiff did not plead any fact that shows that Noncontracting Defendant promised to pay the amount stated, on behalf of Wave or of itself. *Id.*

Notably, the only submission regarding any defendant's communication to Plaintiff was a letter from Wave, by its Chief Financial Officer Mr. Morrison, who clearly intended, apparently by the email address that was used (scott@waveipt.com) and the communication itself ("we are working with Ideanomics on the next round of funding to begin resolving outstanding obligations"), to communicate in his capacity representing Wave, and not to represent Noncontracting Defendant in any capacity. *See* CP. ¶12 and Exhibit H to CP.

## F.   An Unjust Enrichment Claim Is Precluded When Plaintiff Acknowledges the Existence of Valid Agreements.

Under New York law, a claim for unjust enrichment requires that "the defendant benefitted ... at the plaintiff's expense [and] ... that equity and good conscience require restitution." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). "An indispensable ingredient of such a claim is that as between the two parties involved there must be an injustice." *Songbird Jet Ltd., Inc. v. Amax, Inc.*, 581 F. Supp. 912, 926 (S.D.N.Y. 1984) ("The doctrine of unjust enrichment rests upon an equitable principle that a person should not be allowed to enrich himself at

the expense of another."). The essence of a cause of action for unjust enrichment is that "one party possesses money ... that in equity and good conscience ... should not have [been] obtained or possessed because it rightfully belongs to another.*" Rodriguez v. It's Just Lunch Int'l*, No. 07 Civ. 9227, 2009 U.S. Dist. LEXIS 12589, 2009 WL 399728, at *7 (S.D.N.Y. Feb. 17, 2009), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 21706, 2009 WL 666435 (S.D.N.Y. Mar. 12, 2009) (citing *Strong v. Strong*, 277 A.D.2d 533, 715 N.Y.S.2d 499, 501 (3d Dep't 2000) (quotation marks omitted)). While privity is not required to succeed on an unjust enrichment claim, such a claim does not lie where the relationship between the parties is attenuated. *TransformaCon, Inc. v Vista Equity Partners, Inc.*, 2015 US Dist LEXIS 94896 (SDNY July 21, 2015, No. 15-cv-3371 [SAS]); *see Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 919 N.Y.S.2d 465 (2011); *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215, 863 N.E.2d 1012, 831 N.Y.S.2d 760 (2007).

Even under the unjust enrichment theory, there were no indicia of an enrichment that was unjust where the pleadings failed to indicate a relationship between Plaintiff and Noncontracting Defendant, a parent company that does not directly conduct operations in capacities required under the subject agreements and that is a distinct and separate entity from its subsidiaries, and that it could have caused reliance or inducement by Plaintiff. The mere allegation of parent-subsidiary relationship does not transcend the debts of its subsidiaries into equitable injustice

21

requiring a remedy to balance a wrong, and does not warrant unjust enrichment award by a nonparty to the transactions to Plaintiff.

Additionally, under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual. Attempts to repackage them as sounding in fraud, conversion, and other torts, as well as unjust enrichment, implied and quasi contract, and quantum meruit, are generally precluded, unless based on "a duty independent of the contract." *Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. 2011); *see also Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) ("The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement.") (quoting *Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572, 841 N.E.2d 742, 746, 807 N.Y.S.2d 583 (2005)); *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193, 521 N.Y.S.2d 653 (1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.").

Plaintiff avers in its pleading that valid agreements exist and control the controversy. Resultingly, Plaintiff's unjust enrichment claim should be precluded and dismissed even in pleading phase. *See Roycroft v MetLife, Inc.*, 2019 US Dist LEXIS 7962, at *10-11 (SDNY Jan. 14, 2019, No. 18-cv-5481 [AKH]); *see also Goldman v. Metro.*

*Life Ins. Co.*, 5 N.Y.3d 561, 572, 841 N.E.2d 742, 746, 807 N.Y.S.2d 583 (2005); *see also Poplar Lane Farm*, 449 F. App'x at 59 (finding claims arising from dispute to be contractual where a valid agreement governs the dispute's subject matter and rejecting "attempts to repackage" claims in fraud, conversion, or unjust enrichment).

Similar to *Roycroft*, Plaintiff's attempt to plead in the alternative does not save its unjust enrichment claims, especially when it is apparent from the complaint that written agreements between nonmoving defendants and Plaintiff govern the subject dispute. Finally, Plaintiff should not be able to pursuit contract claims in tandem with alternative theory of contract to attach liability to a nonparty.

## IV.   <u>CONCLUSION</u>

WHEREFORE, based upon the foregoing, the Noncontracting Defendant respectfully requests that its Motion to Dismiss be granted in its entirety along with such other and further relief as the Court deems just and proper.

Dated: Flushing, New York
January 19, 2024                                           HANG & ASSOCIATES, PLLC

                                                                    By:___s/___*Ge Qu*_____
                                                                    Ge Qu, Esq.
                                                                    Xingyi Li, Esq.
                                                                    136-20 38th Ave, Ste 10G
                                                                    Flushing, NY 11354
                                                                    Tel: 718.353.8522
                                                                    Email: rqu@hanglaw.com
                                                                    *Attorneys for Defendants*